# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **LESTER P. PARKER, III,** | ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 3:07-cv-156 |
| **JOSEPH CONSTRUCTION COMPANY,** *et al.*, | ) ) | (Phillips/Shirley) |
| **Defendants.** | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this pro se action on May 2, 2007, alleging discrimination based on his race and sex in violation of Title VII of the Civil Rights Act of 1964. This matter is now before the court on defendant Joseph Construction Company's motion to dismiss [Doc. 12], plaintiff's motion for summary judgment [Doc. 26], plaintiff's request for entry of default [Doc. 27], and defendant Joseph Construction Company's motion for sanctions [Doc. 37].

## I.   BACKGROUND

The facts as follows are taken from the complaint and plaintiff's attachment thereto of his allegations before the Equal Employment Opportunity Commission ("EEOC"). In July 2006, plaintiff alleges he was the victim of racial and sexual harassment. Plaintiff alleges that defendant Wimpy Loveday, a fellow employee, made lewd sexual gestures and remarks toward him. Plaintiff further alleges that defendant Kenny Massengill[1], his acting supervisor, used racial slurs and cursed

---

[1] The court notes that the record, including the complaint, reflects various spellings of Mr. Massengill's name. The court adduces from the headings on defendant Joseph Construction Company's pleadings, however, that the proper spelling is Massengill and thus uses this iteration in its opinion.

him whenever he instructed plaintiff to do a job. Finally, plaintiff alleges a particular incident in which defendants Loveday and Massengill each participated in a particularly lewd incident, in which plaintiff alleges a piece of rebar was thrust into his buttocks. Plaintiff alleges that defendants Loveday and Massengill merely laughed at this incident, after which plaintiff, either injured, embarrassed, or both, "lost time" and went home.

Plaintiff alleges that July 16, 2006 was his final day of work. It is unclear from the pleadings whether plaintiff chose to end his employment or whether Joseph Construction Company terminated him. In any event, plaintiff further alleges that defendants Massengill and Loveday "came to [his] neighborhood looking for [him] after they were aware [he] had taken enough of the bigotry and sexual discrimination." [Doc. 3 at 2].

Having exhausted his administrative remedies, plaintiff applied for leave to file suit in this court in forma pauperis, which this court granted. [Docs. 1 and 2]. After filing this action, defendant Joseph Construction Company filed a motion to dismiss [Doc. 12]. Plaintiff has apparently had some difficulties serving defendants Massengill and Loveday, and this court has already denied a motion for entry of default [Doc. 15], as well as extended plaintiff's time to serve defendants Massengill and Loveday [Doc. 19]. Plaintiff then filed a motion for summary judgment [Doc. 26] and a renewed request for entry of default [Doc. 27], in response to which the court requested the Honorable C. Clifford Shirley, United States Magistrate Judge, to determine whether defendants Massengill and Loveday had been properly served. As Judge Shirley determined, to date, plaintiff has failed to serve properly these defendants. Defendant Joseph Construction Company subsequently moved this court to impose sanctions on plaintiff [Doc. 37].

Currently pending before this court are defendant Joseph Construction Company's motion

to dismiss, plaintiff's motion for summary judgment, plaintiff's (renewed) request for entry of default, and defendant Joseph Construction Company's motion for sanctions.

## II. ANALYSIS

### A. *Motion to Dismiss*

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Defendant's motion may only be granted if, after assuming all allegations are true, plaintiff fails "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

In its sparse motion to dismiss, defendant Joseph Construction Company ("Joseph Construction"), without further elaboration, argues that plaintiff's complaint should be dismissed because it "does not establish any facts or claims against Joseph Construction which could be viewed, even when presented in the light most favorable to the Plaintiff, as a violation of applicable law. In fact, Plaintiff's Complaint does not allege any facts or claims against Joseph Construction." [Doc. 12 at 1].

At this stage in the proceedings, however, the court has insufficient information to determine whether there has been a violation of Title VII. Moreover, defendant's motion fails to assist the court to make any meaningful determination regarding whether plaintiff has failed to state a claim

upon which relief can be granted. Finally, pro se pleadings are liberally construed, *e.g.*, *Owens v. Keeling*, 461 F.3d 763, 775 (6th Cir. 2006); *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), and this court therefore reviews the complaint and attachments thereto more leniently than it might for a represented party.

Presented with the facts as plaintiff alleges, which the court must accept as true, and lacking any meaningful input from defendant as to why these allegations fail to "raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, this court cannot dismiss plaintiff's complaint at this stage in the proceedings. Accordingly, defendant Joseph Construction's motion to dismiss [Doc. 12] is denied, subject to renewal upon a properly substantiated motion to dismiss or motion for summary judgment. The court further notes that given the undeveloped record in this case, a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure would have been more appropriate at this stage, not a motion to dismiss. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004) ("If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e).").

### B. *Plaintiff's Motion for Summary Judgment and Request for Entry of Default*

In his request for entry of default, plaintiff moves this court to hold defendants Kenny Massengill and Wimpy Loveday in default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend. Judge Shirley, however, pursuant to referral by this court, determined that these defendants were never properly served. [Doc. 36]. Under the Federal Rules of Civil Procedure, "there must be effective service of process on a defendant before

an entry of default can be made. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant ...." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000); *see also, e.g.*, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (citations omitted)).

Because plaintiff has failed to serve properly defendants Massengill and Loveday, this court cannot authorize an entry of default. Plaintiff's request for entry of default [Doc. 27] is therefore denied. The court echoes Judge Shirley in sympathizing with plaintiff's frustration in his attempts to serve these defendants; nevertheless, plaintiff must comply with the strictures of the Federal Rules of Civil Procedure and properly commence the suit against all defendants.

Not only must plaintiff's request for entry of default be denied, but this court must dismiss the action against defendants Massengill and Loveday. Rule 4(m) of the Federal Rules of Civil Procedure provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). This court has already once extended plaintiff's deadline for service of process, granting plaintiff until September 20, 2007 to serve defendants Massengill and Loveday. [Doc. 19]. Plaintiff has been given more than ample opportunity to serve these defendants, and yet has consistently failed to do so. Accordingly, the action is dismissed with regard to defendants

Massengill and Loveday.

Moreover, the court notes that this dismissal is with prejudice. Typically a dismissal under Rule 4(m) is without prejudice. This observation, while technically correct, is nevertheless of little practical relevance, given the fact that even if plaintiff were permitted to file his claim today against these defendants, plaintiff's claim would be barred by the applicable ninety-day statute of limitations. 42 U.S.C. § 2000e-5(f)(1) (2006); *see also* 3 Moore's Federal Practice § 4.82[3] ("["A]ny dismissal ordered [under Rule 4(m)] after expiration of the statute of limitations for failure to establish good cause will be in, effect, with prejudice since plaintiff will be precluded from commencing a new action." (citing various circuit court decisions)). Plaintiff was issued a right-to-sue letter on January 29, 2007. Even applying the five-day presumption that "mail is received by the person to whom it is addressed and that the 90-day limit commences five days after the right to sue letter is mailed," *Rucker v. Potter*, 215 F. App'x 406, 408 (6th Cir. 2007), the statute of limitations has long since run. Even were the court to dismiss the claims against defendants Massengill and Loveday without prejudice, plaintiff's claims against them clearly would be time barred. Consequently, plaintiff's claims against defendants Massengill and Loveday are dismissed with prejudice.

Plaintiff has also filed a motion entitled "Motion for Summary Judgment." Plaintiff's motion is not, however, in essence a motion for summary judgment, as he in substance requesting a default judgment against all defendants for failure to defend. Having determined that defendants Massengill and Loveday were not properly served, however, this court cannot grant the relief plaintiff requests; i.e., this court cannot enter default against these defendants. Nor can the court enter default against defendant Joseph Construction, as it has vigorously defended this action. Finally, the court notes

that even were plaintiff requesting summary judgment against all defendants, rather than an entry of default and a subsequent default judgment, plaintiff has failed to meet his heavy burden under Rule 56[2] of demonstrating the absence of any genuine issues of material fact.

Accordingly, plaintiff's motion for summary judgment [Doc. 26] is denied.

### C. *Motion for Sanctions*

Finally, defendant Joseph Construction moves this court to impose sanctions on plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Joseph Construction argues that because plaintiff's request for entry of default and motion for summary judgment were not only without merit but were in fact without any legal basis, plaintiff should be sanctioned for forcing defendant to respond thereto. Defendant notes that it complied with the "safe harbor" provisions of Rule 11 by serving notice under Rule 5 of the Federal Rules of Civil Procedure of its intent to

---

[2] Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). The court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion—in this case, the defendants. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The sufficiency of the evidence at summary judgment is guided by the "substantive evidentiary standard of proof that would apply at the trial on the merits." *Id.* at 252. Because the instant case is governed by the preponderance of the evidence standard, this court must ask itself "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.* at 252. This does not mean that the evidence must dictate a verdict for plaintiff; rather, a genuine issue of material fact exists if there is sufficient evidence, beyond a "mere scintilla," that a jury *could* return a verdict for plaintiff. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Where, as here, the moving party bears the ultimate burden of proof at trial, i.e., where the moving party is the plaintiff, the party "therefore must show that it has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007). In other words, "it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *Id.* at 238. The non-moving party "can defeat summary judgment if it nonetheless produces or points to evidence in the record that creates a genuine issue of material fact." *Id.* Although the party not bearing the ultimate burden of proof does not have to produce affidavits or other documents that affirmatively negate the opponent's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-moving party cannot "rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way." *El*, 479 F.3d at 238.

seek sanctions; plaintiff nonetheless failed to withdraw its motions within twenty-one days of service of such notice.

Under Rule 11 of the Federal Rules of Civil Procedure, a district court may "impose sanctions on an attorney or party who has filed and signed a pleading, motion, or paper in the district court, if the court concludes it was filed for any improper purpose and had no basis in law or fact." *Stevens v. Mooney*, No. 95-1757, 1996 WL 125048, at * 1 (6th Cir. Mar. 20, 1996). Pro se litigants are not immune from sanctions and must comply with Rule 11. *Id.* However, "[w]hen considering the imposition of Fed. R. Civ. P. 11 sanctions, the court should determine 'whether the individual's conduct was reasonable under the circumstances.' " *Russell v. City of Farmington Hills*, 52 F. App'x 766, 767-68 (6th Cir. 2002) (quoting *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997)).

After reviewing the record, it does not appear that plaintiff filed either his motion for summary judgment or request for entry of default in bad faith. Rather, any shortcomings are attributable to Mr. Parker's pro se status and lack of training in the law. Under the totality of the circumstances, it does not appear that sanctions against Mr. Parker are warranted, and the court will decline to impose sanctions at this time. Accordingly, defendant's motion for sanctions [Doc. 37] is denied. In denying defendant's motion for sanctions, the court reiterates not only that pro se pleadings are to be construed liberally, *see supra* p. 4, but that other avenues exist such that defendant can more adequately defend this case, *see id.*

### III.   CONCLUSION

For the aforementioned reasons, defendant Joseph Construction Company's motion to

dismiss [Doc. 12] and motion for sanctions [Doc. 37], as well as plaintiff's motion for summary judgment [Doc. 26] and request for entry of default [Doc. 27] are **DENIED**. Having failed to serve properly defendants Kenny Massengill and Wimpy Loveday within the applicable 120-day time period, even after an extension granted by this court, plaintiff's claims against defendants Massengill and Loveday are hereby **DISMISSED**. The applicable statute of limitations having run, this dismissal is **WITH PREJUDICE** as to refiling.

        **IT IS SO ORDERED**.

        **ENTER:**

        s/ Thomas W. Phillips
        United States District Judge